ROBERT S. BREWER, JR.
United States Attorney
Mark W. Pletcher (Colorado Bar: 034615)
Assistant United States Attorney
880 Front Street, Room 6293
San Diego, CA 92101
(619) 546-9714
mark.pletcher@usdoj.gov

Attorneys for the UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 12-CR-4352-JLS |
|---|---|
| v. | **OPPOSITION OF THE UNITED STATES TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |
| ARA KESHISHYAN, | |
| Defendant. | |

The UNITED STATES, by and through its counsel, Robert S. Brewer, Jr., United States Attorney, and Mark W. Pletcher, Assistant United States Attorney, hereby files its Opposition to Defendant's Motion for Early Termination of Supervised Release.

## PROCEDURAL HISTORY

On June 10, 2014, pursuant to a plea agreement with the United States, Doc. 471, defendant pleaded guilty to Count I of the Indictment, charging him with conspiracy to defraud Citigroup, Inc. of more than one million dollars. Doc. 1. Following the creation of a Presentence Report, Doc. 483, this Court sentenced the defendant on September 12, 2014 as the leader/organizer of the conspiracy to a period of incarceration of 57 months, followed by three years supervised release. Doc. 523. Defendant was further ordered to pay

restitution to Citigroup, Inc. in the amount of $1,049,585.00.  Id.

Pursuant to his plea agreement, defendant waived appeal of his conviction and sentence.  Doc. 471, ¶XI.  In his plea agreement, defendant further agreed not to seek termination of his supervised release until he had fully repaid his restitution obligation to Citigroup and served at least two-thirds of the imposed term.  Id. at ¶X.H.

After serving approximately 37 months of his 57-month sentence, on January 5, 2018, defendant was released from custody and began his term of supervised release.  To date, to his credit, he has incurred no supervised release violations, and he has made the minimum monthly payments of $1000 toward restitution.  As of the date of the filing of this Response, restitution remains owing in the amount of over one million dollars.

**ARGUMENT**

In breach of the promises defendant made in his plea agreement, he now moves this Court for early termination of his supervised release.  The Court should deny this Motion and enforce the unambiguous terms of the Plea Agreement between the parties.

In this case, defendant has and continues to receive the benefit of his plea agreement bargain, including the dismissal of certain charges, the certainty of a recommended Guideline calculation, a motion for a third point departure for acceptance of responsibility, and a low-end of the Guidelines sentencing recommendation.

The United States is, likewise, entitled to equal consideration from the defendant, including his meeting the obligations set forth in Paragraph X.H.  Indeed, the plea agreement specifically conditioned the motion for a third point departure for acceptance of

responsibility and the negotiated Guideline calculation on the defendant not "materially breach[ing] th[e] plea agreement in any way. Doc. 471, ¶ X.B.4.

"Plea agreements are contractual in nature and are measured by contract law standards." United States v. De la Fuenta, 8 F.3d 1333, (9th Cir. 1993) (quoting United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990)). In construing an agreement, the Court must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty. United States v. Anderson, 990 F.2d 1163 (9th Cir.1993); United States v. Packwood, 848 F.2d 1009, 1011 (9th Cir.1988). In the event of breach or anticipatory breach, the Court may enforce the terms of the plea agreement by requiring specific performance. Santobello v. New York, 404 U.S. 257, 262 (1971); United Stets v. Goroza, 941 F.2d 905 (9th Cir. 1991). While being on supervised release undoubtedly places obligations on the defendant, he has described no compelling reason to allow him to void his plea agreement (after receiving the benefits therefrom) and withhold from the United States the valuable consideration for which it contracted. Under these circumstances, the Court should enforce the unambiguous terms of the plea agreement, as knowingly and voluntarily agreed to by the defendant.

## **CONCLUSION**

For the reasons set forth above, this Court should summarily deny defendant's Motion for Early Termination of Supervised Release.

                      ROBERT S. BREWER, JR.
                      United States Attorney

*/s/ Mark W. Pletcher*
MARK W. PLETCHER
Assistant U.S. Attorney

Case 3:12-cr-04352-JLS   Document 576   Filed 10/25/19   PageID.2444   Page 5 of 6

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> ARA KESHISHYAN, <br><br> Defendant. | Case No. 12-CR-4352-JLS <br><br> CERTIFICATE OF SERVICE |

I, the undersigned, declare under penalty of perjury that I have served the foregoing document on the above-captioned party(ies) by:

☒ electronically filing it with the U.S. District Court for the Southern District of California using its ECF System, which electronically notifies the party(ies).

☐ causing the foregoing to be mailed by first class mail to the parties identified with the District Court Clerk on the ECF System.

☒ causing the foregoing to be mailed by first class mail to the following non-ECF participant at the last known address, at which place there is delivery service of mail from the United States Postal Service:

> Ara Keshishyan
>
> 10164 Samoa Avenue, #13
>
> Tujunga, CA 91042

Executed on October 25, 2019

> ROBERT S. BREWER, JR.
> United States Attorney
>
> */s/ Mark W. Pletcher*
> MARK W. PLETCHER
> Assistant U.S. Attorney